**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA DIFFLEY,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,

        Agency.

DOCKET NUMBER
NY-1221-17-0237-W-1

DATE: April 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan E. Wolin</u>, Esquire, Jericho, New York, for the appellant.

<u>Cynthia J. Pree</u>, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. On petition for review, the appellant argues that she did establish Board jurisdiction over her IRA appeal under 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9). Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify why the appellant failed to establish Board jurisdiction based on 5 U.S.C. § 2302(b)(9), we AFFIRM the initial decision.

¶2      Between November 24, 2014, and August 8, 2016, the appellant disclosed to agency management and to her U.S. Senator that her supervisor had obtained personal information from the appellant's therapist and disclosed it to others, violating her privacy and causing her embarrassment. Initial Appeal File (IAF), Tabs 1, 5. After two investigations, on October 24, 2016, the agency proposed to suspend the appellant for 3 days, based on charges of disruptive behavior and inappropriate conduct. IAF, Tab 10 at 180. On February 14, 2107, she filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had proposed her suspension and taken other alleged personnel actions because of her disclosures. IAF, Tab 1 at 21-40. After OSC advised the appellant that it had closed its file, *id.* at 54, she filed an IRA appeal, *id.* at 1-14, and requested a hearing, *id.* at 2.

¶3      In her initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 17-18. She found that, while the appellant exhausted her remedy before

OSC, ID at 8-9, she failed to nonfrivolously allege that her disclosures were protected. ID at 10-15. Despite that finding, the administrative judge further found that, even if the appellant's disclosures were protected, she failed to nonfrivolously allege that they were a contributing factor in the agency's decision to propose her suspension. ID at 15-17.

¶4   On review, the appellant disputes the administrative judge's findings that she failed to nonfrivolously allege that her disclosures were protected under 5 U.S.C. § 2302(b)(8), Petition for Review (PFR) File, Tab 1 at 7-14, and that her disclosures were not a contributing factor to her proposed suspension or to other alleged personnel actions, *id.* at 14-18. We have reviewed the administrative judge's finding that the appellant failed to nonfrivolously allege that her disclosures were protected because her allegations regarding her supervisor do not satisfy the reasonable belief requirement; that is, because a disinterested observer with knowledge of the essential facts known to and readily ascertainable by her could not reasonably conclude that the agency's actions evidenced a violation of law, rule, or regulation, gross mismanagement, an abuse of authority, or any of the other conditions set forth at 5 U.S.C. § 2302(b)(8). *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). Regarding these issues, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. ID at 9-15; *see, e.g*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same). We therefore agree with the administrative judge that the appellant failed to nonfrivolously allege

that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that, on that basis, her appeal must be dismissed for lack of jurisdiction.[2]

¶5  However, the appellant raised another possible basis for Board jurisdiction. The record reflects that, on September 25, 2013, she initiated a complaint with the agency's Office of Internal Affairs (OIA), in which she raised the same allegations she raised in her other alleged disclosures regarding her supervisor. IAF, Tab 10 at 45-106.  The appellant referenced this filing in her OSC complaint, IAF, Tab 1 at 34, and in her Board appeal, *id.* 7, alleging Board jurisdiction based not only on 5 U.S.C. § 2302(b)(8), but also (b)(9).  IAF, Tab 1 at 9; Tab 5 at 4.  Although the administrative judge did, both in her jurisdictional order and initial decision, set out the basis for Board jurisdiction over an IRA appeal based on 5 U.S.C. § 2302(b)(9), IAF, Tab 3 at 3; ID at 7, she did not analyze the appellant's appeal under that statutory provision.  We do so now.

¶6  Under 5 U.S.C. § 2302(b)(9)(A), it is protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation— (i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."  However, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), the exercise of "any appeal, complaint, or grievance right granted by any law, rule, or regulation," seeking to remedy a violation of 5 U.S.C. § 2302(b)(8).  5 U.S.C. § 1221(a); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶7  As explained above, the substance of the appellant's complaints to OIA did not concern remedying an alleged violation of section 2302(b)(8).  Rather, her complaints to OIA concerned an alleged breach of confidentiality by her

[2] Based on this finding, we need not address the appellant's claims that her disclosures were a contributing factor to her proposed suspension, or that the agency took other actions against her that were "personnel actions" under 5 U.S.C. § 2302(a)(2)(A).

supervisor and her therapist, designed, in the appellant's view, to discredit her reputation.  IAF, Tab 10 at 45-106.  Therefore, the appellant's complaint to OIA regarding these matters is not within the purview of section 2302(b)(9)(A)(i), and the Board lacks jurisdiction to consider such allegations in the context of this IRA appeal.  *Mudd*, 120 M.S.P.R. 365, ¶ 7; *see* 5 U.S.C. § 1221(a).

¶8        Further, we note that, prior to December 12, 2017, the whistleblower protection statutory scheme included as protected activity "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law."  5 U.S.C. § 2302(b)(9)(C).  Section 1097(c)(1) of the National Defense Authorization Act of 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017), amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation" is also protected.

¶9        Here, as noted above, the appellant made purported disclosures to OIA.  ID at 2-4; IAF, Tab 5 at 20-21, 28-33.  All of the events relevant to this appeal occurred prior to the enactment of the NDAA.  Accordingly, we need not decide whether the appellant's disclosures fall within the coverage of the amended section 2302(b)(9)(C) because the Board has found that the statutory provision is not retroactive.  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 30-33.  Therefore it does not apply to this appeal.  As such, we find that the appellant failed to nonfrivolously allege that she engaged in protected activity protected by 5 U.S.C. §§ 2302(b)(9)(A) or 2302(b)(9)(C), and that, on these bases as well, her appeal must be dismissed for lack of jurisdiction.[3]

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

# NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.